## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VERBISH,<br><br>    Plaintiff,<br><br>v.<br><br>INSTRUCTURE, INC.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PRO HAC VICE ADMISSION OF:**<br><br>**TYLER J. BEAN**<br><br>Case No. 2:26-cv-00394-RJS-CMR<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 10). Before the court is a Motion for Pro Hac Vice Admission (Motion) (ECF 8) filed by Local Counsel. Local Counsel seeks Pro Hac Vice Admission for Tyler J. Bean (Mr. Bean) (ECF 8). For the reasons stated below, the court DENIES the Motion because it fails to demonstrate good cause to warrant an exception to this court's local rule regarding *pro hac vice* admission.

### I.    Analysis

"28 U.S.C. § 2071 and Fed. R. Civ. P. 83 authorize federal courts to promulgate local rules of practice." *Mateo v. Empire Gas Co., Inc.*, 841 F. Supp. 2d 574, 576 (D.P.R. 2012) (citing *United States v. Hvass*, 355 U.S. 570, 575 (1958)). In addition, 28 U.S.C. § 1654, which empowers each federal district to regulate the admission of attorneys, provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." In the District of Utah, attorneys who are not admitted to practice law in Utah may move for admission *pro hac vice* under the requirements of local rule DUCivR 83-1.1(c). Local rule DUCivR 83-1.1(c)(1) provides that

1

*pro hac vice* admission "is not available to any attorney who . . . has already been admitted pro hac vice in 3 unrelated cases in the previous 5 years in this district, unless the court finds good cause for the attorney not seeking admission to the Utah State Bar." DUCivR 83-1.1(c)(1)(A)(iii).

Mr. Bean's Application for Pro Hac Vice Admission (ECF 8-1) indicates that he has been admitted *pro hac vice* in this district in four unrelated cases over the past five years (*id*. at 2). Mr. Bean acknowledges that his *pro hac vice* admissions surpass the Rule's limit and provides the following explanation for why he has not sought admission to the Utah State Bar:

> Applicant's practice focuses on large class action cases around the country. He does not maintain an office in Utah and does not specifically seek cases in Utah. Recently, a handful of these cases have involved Utah-based defendants, necessitating filing suit in Utah. Applicant does not foresee significant additional cases to be filed in Utah, which is why he does not seek admission to the Utah State Bar.

(*Id*). Mr. Bean's explanation does not establish good cause for not seeking admission.

Mr. Bean states that he does not expect to appear in any additional cases, but that assertion does not constitute good cause. He has provided no facts or explanation showing that his frequent practice in this district will end after the present matter, or that the concerns underlying the limitation on frequent *pro hac vice* admission will not persist. A speculative representation about future litigation activity is insufficient to satisfy the good cause requirement. Further, this court has recently concluded that an attorney's specialization or experience in a particular area of litigation is irrelevant to the question of why an applicant with excess *pro hac vice* admissions should not be required to seek admission to the Utah State Bar. *See* Memorandum Decision and Order Denying Motion for Admission Pro Hac Vice at 4, *Peterman v. Instructure, Inc*., No. 2:26-cv-00374-RJS-CMR (D. Utah May 5, 2026), ECF No. 13.

Because Mr. Bean has failed to establish good cause under DUCivR 83-1.1(d)(3), the Motion is DENIED.

2

DATED this 15 June 2026.

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah